UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSE HAMMOCK,

                    Plaintiff,

-against-

ANTHONY RIZZUTO, FOOD SERVICE ADMINISTRATOR; JOHN PAPAVASILIOU, HEAD COOK,

                    Defendants.

20-CV-4175 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated at Sullivan Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants unlawfully removed him from his job at the facility. By order dated June 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Anthony Rizzuto, the Food Service Administrator at Sullivan; and John Papavasiliou, the Head Cook. He asserts that on December 14, 2019, at the recommendation of Papavasiliou, Rizzuto removed him from the position of Special Housing Unit (SHU) cook and placed him in the tray room. Plaintiff claims that the stated reasons for the removal were: (1) he goes on visits; (2) he participates in the Family Reunion Program (FRP); (3) he attends religious services; and (4) he takes his days off from work instead of working all seven days a week. He asserts that there were no complaints concerning his work performance, he never had any negative evaluations, and the only time he missed cooking or delivering food was during his participation in the FRP. Plaintiff asserts that Defendants' actions constitute discrimination and "penaliz[e]" him for his religious belief. (ECF No. 2, at 14.) He seeks monetary damages.

## DISCUSSION

Prisoners have very limited rights when it comes to prison jobs. A prisoner has no constitutional liberty interest in a particular job, and can be assigned or removed from his job for almost any reason. *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987). But a prisoner is protected under the Equal Protection Clause of the Fourteenth Amendment from discrimination in prison job assignments because of race or religion. *See LaBounty v. Adler*, 933 F.2d 121, 124 (2d Cir. 1991); *Bussey v. Phillips,* 419 F. Supp. 2d 569, 582, 588-89 (S.D.N.Y. 2006).

Plaintiff alleges that he was removed from his preferred position as SHU cook for discriminatory reasons. But the Constitution does not prohibit the removal of Plaintiff from his

job for visiting, participating in FRP, or taking his days off. However, his assertion that he was removed for religious reasons implicates the Equal Protection Clause.

The Equal Protection Clause essentially requires that all persons similarly situated should be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege that he is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, religion, gender, alienage, or national origin, *see City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998). The plaintiff must also allege facts showing that the defendants have purposefully discriminated against the plaintiff because of his membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676, *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)); *Giano*, 54 F.3d at 1057. "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Turkmen*, 789 F.3d at 252 (quoting *Iqbal*, 556 U.S. at 676-77) (internal quotation marks and citations omitted, alterations in original). A prisoner asserting an equal protection claim must further allege facts "demonstrat[ing] that his treatment was not 'reasonably related to [any] legitimate penological interests.'" *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (quoting *Shaw v. Murphy*, 532 U.S. 223, 225 (2001)).

Plaintiff does not allege any facts suggesting that Defendants treated him differently from similarly situated prisoners or intentionally discriminated against him because of his religion. He only asserts that one of the reasons given for his removal as SHU cook was because he attends

3

religious services, which, coupled with the other reasons given, may suggest a scheduling issue rather than a religious one. He does not allege any facts suggesting any animus on Defendants' part toward his religion or that they acted with intent to discriminate against him in particular. Plaintiff fails to allege any facts to support his assertions that Defendants discriminated against him and penalized him because of his religious beliefs. He therefore fails to state an equal protection claim under the Fourteenth Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court therefore grants Plaintiff leave to file an amended complaint to provide facts supporting his claim that Defendant removed him from his SHU cook position because of his religious beliefs.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his equal protection claim as provided above. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

4

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4175 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

This order will be mailed in chambers.

SO ORDERED.

Dated:   June 18, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II.   **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

III.   **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____               _____
Dated                                                                    Plaintiff's Signature

_____
First Name                        Middle Initial                        Last Name

_____
Prison Address

_____
County, City                                              State                       Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6