UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE HAMMOCK,

                Plaintiff,

-against-

ANTHONY RIZZUTO and JOHN PAPAVISILIOU,

                Defendants.

20-CV-4175

ORDER

CATHY SEIBEL, United States District Judge:

      Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is granted

## LEGAL STANDARD

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously" *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* ECF No. 4.)  As Plaintiff remains imprisoned, the Court assumes his financial status has not changed. He filed an application for the appointment of counsel, (ECF No. 24), which the Court denied without prejudice to renewal, (*see* June 22, 2021 Minute Entry).

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that he was demoted from his prison job on the basis of his supervisors' hostility toward his religion.  The Court has just denied Defendants' motion to dismiss, and finds – based on Plaintiff's submissions, which include affidavits from fellow prisoners – that  Plaintiff's claim is "likely to

be of substance." *Hodge*, 802 F.2d 61-62.  Plaintiff has supplied specific facts regarding Papavisiliou's alleged blatant bias toward the Nation of Islam and Rizzuto's apparent tolerance of that bias and consideration of Papavisiliou's views in demoting Plaintiff.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.  Plaintiff is incarcerated and will be limited in his ability to investigate the facts and take depositions, and the credibility of Defendants' stated reasons for the demotion will be crucial.  In this case representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the court to request counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 24, 2022
       White Plains, New York

                                                      _____
                                                        CATHY SEIBEL
                                                  United States District Judge