UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSE HAMMOCK,

                Plaintiff,

- against -

ANTHONY RIZZUTO, et al.,

                Defendants.
------------------------------------------------------------:X

20-cv-4175 (CS)

**SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL**

This SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation"), is made by and between Plaintiff, JESSE HAMMOCK ("Plaintiff"), and Defendants ANTHONY RIZZUTO AND JOHN PAPAVASILIOU ("Defendants") as follows:

WHEREAS, Plaintiff commenced this action by filing a Complaint on June 1, 2020 (Dkt. No. 2), in the United States District Court for the Southern District of New York, 20 Civ. 4175, against the above-listed Defendants in the above-captioned action (the "Action"), an Amended Complaint against the listed Defendants on July 29, 2020, (Dkt. No. 7), and a Second Amended Complaint against these Defendants on January 8, 2021,(Dkt. No. 17) (the Complaint, Amended Complaint and Second Amended Complaint will be referred to herein, collectively, as the "Complaints"), alleging, *inter alia*, that Defendants violated Plaintiff's rights under the Fourteenth Amendment during Plaintiff's incarceration in a facility operated by the New York State Department of Corrections and Community Supervision ("DOCCS"); and

WHEREAS, on March 10, 2022, Defendants filed an answer denying that they had acted wrongfully or that Plaintiff was entitled to any relief (Dkt. No. 34); and

1

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in this Action, and any and all other related disputes and counteractions, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action; and

WHEREAS Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby stipulate and agree as follows:

### 1. Dismissal of the Action with Prejudice

The Action and all claims asserted therein are hereby discontinued with prejudice against Defendants, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2. Payment to Plaintiff

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency

2

of which is hereby acknowledged, Defendants shall pay the gross amount of Four Thousand and Five Hundred Dollars ($4,500.00), inclusive of costs and attorneys' fees, to Plaintiff in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:  The State of New York, on behalf of Defendants, shall pay to Plaintiff the sum of Four Thousand and Five Hundred Dollars ($4,500.00) for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. This payment is further issued in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly

3

asserted in the Action. A check in the amount of Four Thousand and Five Hundred ($4,500.00) Dollars shall be drawn to the order of Plaintiff, Jesse Hammock, and forwarded to Plaintiff, Jesse Hammock, at the correctional facility in which he is then housed for deposit in his inmate facility/departmental account.

### 3. State Approval of Payments Made on Behalf of Defendants

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation on behalf of Defendants is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

### 4. Accrual of Interest of Payments Made on Behalf of Defendants

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2 of this Settlement Stipulation, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So-Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

4

### 5. Liability of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and that Plaintiff shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Liability of Plaintiff for Liens and Setoffs

Plaintiff agrees that neither Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and

5

subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as **Exhibit A**, to the Defendants. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

### 8. Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. Plaintiff agrees to indemnify and hold the Defendants harmless should there be any claim for liens or any third-party claims regarding the settlement funds and stipulate that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens, claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is his and not the Defendants.

6

If conditional and/or future anticipated Medicare payments have not been satisfied, Defendants, DOCCS, and/or the State of New York, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 2, 3, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9. Releases

In consideration of the payment of the sum recited in Paragraph 2 of this Settlement Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns hereby releases and forever discharges each of the Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, from any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaints in this Action, or which could have been asserted in this Action.

### 10. No Other Action or Proceeding Commenced

Other than the Action, which will be dismissed pursuant to this Settlement Stipulation, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, in any court, against Defendants,

DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that include claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaints in this Action, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 11. No Other Attorney

Plaintiff and the undersigned counsel for Plaintiff represent and warrant that no other attorneys have a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action.

### 12. No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

8

### 13. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 15. Voluntary Agreement

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents and effect. Each party hereto acknowledges that he, she, or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

### 16. No Admission of Liability

It is understood and agreed that any action taken, or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken, or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.

9

Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of Defendants, DOCCS or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

### 17. No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18. Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20. Waiver

Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

### 21. Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 22. Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

### 23. Effective Date

The Effective Date of this Settlement Stipulation shall be upon the endorsement by the Court as indicated below, after the full execution of this Settlement Stipulation by the parties and their counsel, as set forth in the signature lines of this Settlement Stipulation.

## 24. Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein and have each executed this Settlement Stipulation to be effective on the date it is endorsed by Court below.

Dated: New York, New York
      September __27__, 2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

*Bruce J. Turkle*

By: Bruce J. Turkle
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6551
Jessica.acosta-pettyjohn@ag.ny.gov

12


Case 7:20-cv-04175-CS   Document 47   Filed 10/03/22   Page 13 of 14
Case 7:20-cv-04175-CS   Document 46-1   Filed 09/29/22   Page 13 of 14

Dated: New York, New York
      September 26, 2022

                                        BARTELS & FEUEREISEN
                                        *Attorneys for Plaintiff*

                                        By: George F. Hritz, Esq
                                        1025 Westchester Avenue
                                        White Plains, New York 10604
                                        (203) 570-2310
                                        george@Hriztlaw.com

Dated: Sullivan, New York
      September 21, 2022

                                        JESSE HAMMOCK
                                        *Plaintiff*

## ACKNOWLEDGMENT

On the 21 day of September, 2022, before me came, Plaintiff, JESSE HAMMOCK, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that she executed the same.

                                          Notary Public

**SO ORDERED:**

Dated: White Plains, New York

_____, 2022

      MIGNANT HENDERSON
      Notary Public - State of New York
      No. 01HE6299060
      Qualified in Orange County
      My Commission Expires June 03, 2026

_____
HON. CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

By: Bruce J. Turkle

Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6551
Jessica.acosta-pettyjohn@ag.ny.gov

Dated: New York, New York
September 21, 2022

BARTELS & FEUEREISEN
Attorney for Plaintiff

By: George F. Hritz, Esq
1025 Westchester Avenue
White Plains, New York 10604
(203) 570-2310
george@Hriztlaw.com

Dated: Sullivan, New York
September 26, 2022

JESSE HAMMOCK
Plaintiff

ACKNOWLEDGMENT

On the 26 day of September 2022, before me came, Plaintiff, JESSE HAMMOCK, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that she executed the same.

Notary Public

MIGNANT HENDERSON
Notary Public - State of New York
No. 01HE6299060
Qualified in Orange County
My Commission Expires June 03, 20__

SO ORDERED: Cathy Seibel USDJ

Dated: White Plains, New York
9/30, 2022